UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM WOMACK,

                Petitioner,

v.

DONALD HOLBROOK,

                Respondent.

No. C17-5822-BHS-TLF

**ORDER ON MOTION FOR LEAVE TO CONDUCT DISCOVERY**

The petitioner, William Womack, moves the Court for an order allowing him to conduct discovery under Rules 5 and 6 of the Federal Rules Governing Section 2254 Cases and extend the time permitted for him to file a reply to the response brief. Dkt. 12. In a separate order, the Court grants Mr. Womack additional time to submit his reply arguments by allowing him to include them in supplemental briefing concerning exhaustion of state remedies, due in June. Dkt. 15.

Petitioner Womack fails to show that either expanding the record, or allowing the parties to conduct discovery, would be authorized by the Federal Rules Governing Section 2254 at this time. Therefore, Womack's request to conduct discovery will be denied.

**DISCUSSION**

Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. 28 U.S.C. § 2254 Rule 6(a).

ORDER - 1

In addition, Rule 5(c) of the Rules Governing Section 2254 Cases states:

> . . . The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

28 U.S.C. § 2254 Rule 5(c).

However, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is properly limited in habeas corpus because it "is not the trial itself but a collateral attack upon a standing conviction." *Austad v. Risley*, 761 F.2d 1348, 1355 n.4 (9th Cir. 1985).

If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen v. Pinholster*, 563 U.S. 170, 184 (2011). If the state courts did not adjudicate a claim on the merits, this Court may receive new evidence only if the petitioner satisfies the requirements of § 2254(e)(2). *Pinholster*, 563 U.S. at 185-86.

Thus, before introducing new evidence on an adjudicated claim, the petitioner must show that the state court made an unreasonable application of federal law or made an unreasonable determination of facts based on the record before it. 28 U.S.C. § 2254(d)(1); *Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) (noting *Pinholster* "effectively precludes federal evidentiary hearings" on claims adjudicated on the merits). And before introducing new evidence on an un-adjudicated claim, the petitioner must show by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2)(B).

Here, Womack seeks the transcripts of pretrial hearings at which he objected to the State's proffered testimony and asserted his speedy trial right. He attaches as exhibits to his motion appellate court records showing his diligence in attempting to obtain the transcripts. Dkt. 12, Attachment 1.

In a separate order, this Court ordered the parties to submit supplemental briefing on whether Womack exhausted each of his claims by fully and fairly raising the facts and federal law concerning each claim in state court. Dkt. 15.

If the claims in Womack's petition have been exhausted in state court, then to introduce new evidence in federal court, Womack must show that the state court unreasonably applied federal law or unreasonably determined facts based on the record before it. *See Gulbrandson*, 738 F.3d at 993; *see also Harmless v. Lazzaraga*, No. 2:14-cv-00223 JAM DB, 2017 U.S. Dist. LEXIS 102374, at *8 (E.D. Cal. June 29, 2017) (unpublished) (deferring decision on new evidence until after court decides § 2254(d) issues); *see also Scales v. Uttecht*, No. 12-5082 RJB/JRC, 2012 WL 4849053, at *1–2 (W.D. Wash. Oct. 11, 2012), *aff'd*, 550 F. App'x 399 (9th Cir. 2013) (unpublished) ("Although under Rule 5(c), this Court 'may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished,' it is bound, in this instant, by the holding in *Pinholster*.").

If the claims in Womack's petition have not been exhausted in state court, then to introduce new evidence in federal court, he must show by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2)(B).

Womack has not, at this stage where exhaustion of state remedies is still an issue, met his burden of proof required for either discovery or to expand the record under Federal Rules of

ORDER - 3

Governing § 2254, Rule 5 or 6. Petitioner's motion for this Court to consuer additional portions of the state court record, and for authorization to conduct discovery, is **DENIED without prejudice**. If discovery or additional portions of the state court record are necessary later in the proceedings under 28 U.S.C. § 2254 for federal habeas corpus review, the petitioner may raise this motion again, or the Court may independently order additional state court transcripts or documents, or may issue an order sua sponte that discovery is required.

The Clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 6th day of February, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 4