UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM WOMACK,<br><br>       Petitioner,<br><br> v.<br><br>DONALD HOLBROOK,<br><br>       Respondent. | No. C17-5822-BHS-TLF<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**Noted for May 4, 2018** |

  Petitioner William Womack, a prisoner at Washington State Penitentiary, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 4, 5. This matter has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrates Rules MJR 3 and 4. After reviewing the Petition, the Court directed petitioner and respondent to submit additional briefing on the issue of exhaustion and re-noted the petition for consideration on June 8, 2018. Dkt. 15. Respondent has filed additional briefing in response to that order. Dkt. 17. Under the order, petitioner's briefing is due June 1, 2018. Dkt. 15.

  Now before the Court is petitioner's motion for a temporary restraining order and a preliminary injunction. Dkt. 18, 19. In an affidavit, petitioner states that he received notice on March 29, 2018, of a change in prison policy that prohibits offenders who are not following a special process from bringing documents into the law library, with the exception of a single piece of paper. Dkt. 18-1, p. 2; Dkt. 19, p. 2. Petitioner contends that this rule violates the state and federal constitutions and in effect prevents offenders from performing legal work on behalf of

REPORT AND RECOMMENDATION - 1

themselves and each other. Dkt. 18, 19. Petitioner seeks an order declaring that the new policy is unconstitutional and enjoining respondents from enforcing it. Dkt. 18, p. 7.

As discussed below, the relief petitioner seeks is not available in a habeas corpus proceeding. Accordingly, the undersigned recommends that the Court deny petitioner's motion for preliminary injunctive relief. However, in a separate minute order the Court will provide a three-week extension of time for petitioner to submit supplemental briefing on exhaustion.

## DISCUSSION

Respondent contends that petitioner's request for preliminary injunctive relief within this habeas corpus proceeding is improper because such relief is not an available remedy under 28 U.S.C. § 2254. Dkt. 20. The undersigned agrees. A habeas corpus action is "the proper mechanism for a prisoner to challenge" the fact or duration of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). On the other hand, a claim challenging a prisoner's conditions of confinement is properly brought under 28 U.S.C. § 1983. *See McCarthy v. Bronson*, 500 U.S. 136, 141-142 (1991); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (interpreting *Preiser*).

Petitioner seeks injunctive relief based on his conditions of confinement—the conditions placed on his use of the law library—and not on a challenge to the fact or duration of his confinement. Dkt. 18, 19. The appropriate vehicle for his request, therefore, is an action brought under Section 1983. Accordingly, the undersigned recommends that the motion for a temporary restraining order be denied.

Even if petitioner properly presented his request for injunctive relief in this action, that request would still fail to demonstrate that such relief is warranted.

REPORT AND RECOMMENDATION - 2

Parties seeking injunctive relief must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Ninth Circuit has set forth a "serious questions" variation of this standard, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). Under either framing, preliminary injunctive relief is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez*, 680 F.3d at 1072 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate immediate threatened injury." *Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991).

Petitioner's contentions of future injury are, at this time, only theoretical. Indeed, petitioner demonstrated his ability to litigate effectively by presenting cogent and appropriately cited arguments in support of his motion for injunctive relief even after the challenged restrictions were put in place. Dkt. 18, pp. 1-7. And given the exhaustion concerns the Court highlighted in its order, Dkt. 15, petitioner has not shown a likelihood of success on the underlying habeas action.

Finally, the Prison Litigation Reform Act mandates that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18

REPORT AND RECOMMENDATION - 3

U.S.C. § 3626(a)(2). The relief the petitioner requests here would not be narrowly drawn to correct the asserted harm of preventing him from effectively completing his supplemental briefing in this habeas action. In a separate minute order, the Court will address petitioner's concern in a more narrowly tailored manner, by granting a three-week extension to complete that briefing.

Because Womack requests relief that is not appropriate in a habeas action and has not satisfied the requirements for obtaining preliminary injunctive relief, the undersigned recommends that the motion for a temporary restraining order or preliminary injunction be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("FRCP"), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed to set the matter for consideration on **May 4, 2018,** as noted in the caption.

Dated this 17th day of April, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4