UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM WOMACK, <br><br> Petitioner, <br><br> v. <br><br> DONALD HOLBROOK, <br><br> Respondent. | No. C17-5822-BHS-TLF <br><br> REPORT AND RECOMMENDATION ON MOTION FOR ORDER TO PRODUCE TRANSCRIPTS, DKT. 30 <br> Noted for: February 22, 2019 |

The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge Theresa L. Fricke. Petitioner William Womack filed a federal habeas petition seeking relief from a state court conviction. *See* Dkt. 1. In the petition, Womack raises numerous grounds for habeas relief, including prosecutorial misconduct that caused a due-process violation, and violation of his right to a speedy trial. Dkt. 4, 5.

The Court directed Respondent to supplement the record "with the trial transcripts and any additional state court transcripts or records related to Petitioner's grounds for relief." Dkt. 27. Respondent has done so. Dkt. 29.

On August 25, 2018, Womack moved for an order under Rule 5(c) of the Federal Rules Governing § 2254, directing Respondent to produce and submit transcripts of five pretrial hearings. Dkt. 30. Respondent asserts that Womack's request is unnecessary and the transcripts he seeks are not relevant to his grounds for habeas relief. Dkt. 32.

ORDER - 1

The Court previously denied without prejudice a motion by Womack, Dkt. 12, for leave to conduct discovery to obtain the same transcripts:

> Womack has not, at this stage where exhaustion of state remedies is still an issue, met his burden of proof required for either discovery or to expand the record under Federal Rules of Governing § 2254, Rule 5 or 6. Petitioner's motion for this Court to consider additional portions of the state court record, and for authorization to conduct discovery, is DENIED without prejudice. If discovery or additional portions of the state court record are necessary later in the proceedings under 28 U.S.C. § 2254 for federal habeas corpus review, the petitioner may raise this motion again, or the Court may independently order additional state court transcripts or documents, or may issue an order sua sponte that discovery is required.

Dkt. 16, pp. 3-4.

Rule 5(c) of the Federal Rules Governing § 2254 states:

> . . . The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Rule 5(c), 28 U.S.C. foll. § 2254. Rule 5(c) thus gives the Court discretion in deciding whether to order Respondent to transcribe and furnish previously untranscribed recordings.[1]

Womack contends that the transcripts are relevant to two claims in his habeas corpus petition: that his fair-trial rights were violated due to prosecutorial misconduct, and that his speedy-trial right was violated. Dkt. 30, 33.

With respect to Womack's claim that his trial was fundamentally unfair due to prosecutorial misconduct, Womack contends that the transcripts would be relevant to decide

---

[1] Respondent acknowledges that, as the Ninth Circuit has interpreted the statutory prohibitions on presenting new evidence in habeas proceedings, those statutes would not bar the Court from ordering the transcripts. *See* Dkt. 32, p. 2 n.1 (preserving issue for appeal); *McDaniels v. Kirkland*, 813 F.3d 770, 780-81 (9th Cir. 2015) ("Federal courts sitting in habeas may consider the entire state-court record, not merely those materials that were presented to state appellate courts.").

ORDER - 2

whether the trial court acted unreasonably in declining "to produce the relevant parts of the record after deciding the merits of the claim," and to decide whether the Washington Court of Appeals was unreasonable in finding that Womack waived some of his hearsay objections. Dkt. 33, p. 2. On direct appeal, the Court of Appeals rejected some of Womack's hearsay arguments because of his failure to object to those instances of alleged hearsay. Dkt. 10, Exhibit 2, p. 37. The state court also rejected several specific hearsay claims on the merits under Washington evidence law. Exhibit 2, pp. 36-38.

With respect to Womack's claim that his speedy-trial right was violated, he contends that the transcripts are necessary because "[a]t least on[e] of the hearings touches on" the speedy trial claim. Dkt. 12, p. 4.

The undersigned addresses the merits of Womack's unfair-trial and speedy-trial claims in a separate report and recommendation. In this Order, the undersigned recommends a finding that Womack has not shown that the transcripts are necessary for the Court to resolve the issues raised in his petition.

As Respondent points out, Womack's argument that he was denied a fair trial due to introduction of hearsay evidence relies entirely on events that appear in the trial transcripts already in the record. *See* Dkt. 5, pp. 18-21. Although Womack contends that the missing transcripts would show that he argued at pretrial hearings that the trial court should exclude alleged hearsay evidence, this is not relevant to whether, as Womack contends, "the Prosecutor completely disregarded the court rules and the law of the land and made sure that Mr. Womack's trial was fundamentally unfair by intentionally soliciting illegal hearsay evidence." Dkt. 5, p. 18. To answer that question, the Court needs only the trial transcripts already before it. Thus, the fact

ORDER - 3

that Womack raised objections before trial would not affect the Court's determination on the merits of his fair-trial claim on habeas review.

Likewise, although Womack contends that the transcripts would show that he argued that he was not receiving a speedy trial, this is neither necessary nor relevant to the Court's resolution of the speedy-trial claim. As the report and recommendation explains further, Womack failed to present that claim to the Washington Supreme Court as a federal claim either on direct appeal or in collateral proceedings. *See* Exhibits 6, 16. His speedy-trial claim under the United States Constitution is thus procedurally barred at this stage. *See* 28 U.S.C. § 2254(b)(1); *Davis v. Silva*, 511 F.3d 1005, 1009-10 (9th Cir. 2008).

Accordingly, the undersigned recommends Womack's motion for production of the pretrial-hearing transcripts, Dkt. 30, be DENIED. Womack has not identified any information likely to be contained in those transcripts that would be relevant to the Court's decision on his grounds for habeas relief.

The parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 22, 2019**.

Dated this 1st day of February, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 4